Rose *v.* Bell.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, Welles* and *J. C. Smith,* Justices.]

---

## DELOSS ROSE *vs.* PHILANDER F. BELL and SYLVIA BELL, his wife.

A married woman, living with her husband, and having no separate estate, cannot, in the absence of her husband, and without his knowledge or consent, enter into an agreement in writing, for the purchase of real estate on credit.

Such an agreement is a mere nullity; conferring no rights, and imposing no obligations upon either party.

Hence, the possession of the premises is, in law, the possession of the husband, and in no respect that of the wife. She is therefore improperly joined with her husband in an action by the vendor, to recover the possession of the premises for a default in the payment of the purchase money.

Where a complaint, in ejectment, alleged that a defendant was in possession claiming in right of his wife, whereas it appeared by the evidence that he was in possession claiming in his own right; *Held* that this was a variance in no respect material in regard to the merits of the action, so far as the husband was concerned; and that it was a case in which the court might

have directed the fact to be found according to the evidence, and order-
ed an amendment of the complaint, without costs, under section 170 of
the code.

ACTION to recover the possession of real estate. On the
30th of March, 1852, the defendants executed and deliv-
ered to the plaintiff a mortgage on the premises in question,
to secure the payment of $442.02. This mortgage was
foreclosed, without serving any notice on the wife, and the
premises were sold to the plaintiff in May, 1858, when he
became the owner. On the 6th of September, 1858, while
the defendant Philander F. Bell was still in possession and
claiming to own the premises, the plaintiff made a written
agreement with Sylvia Bell, the wife, without the knowl-
edge or consent of her husband, by which he agreed to sell
and convey the premises to her, on certain terms and condi-
tions, and she agreed to purchase and pay for the same, and
to keep the property insured, and pay all taxes. She was,
at the time, a married woman, having no separate estate.
Default having been made in the payment of the purchase
money, this action was brought against Bell and his wife to
recover the possession. Sylvia Bell, the wife, insisted, in her
answer, that she was not a necessary or proper party to the
action, and should not have been joined as such. The cause
was tried at the Steuben circuit, in April, 1861, before Jus-
tice KNOX and a jury. The jury were directed to find a ver-
dict against both defendants ; and they found accordingly.

*Geo. B. Bradley,* for the plaintiff.

*Clark Bell,* for the defendant P. F. Bell.

*D. Rumsey,* for the defendant Sylvia Bell.

*By the Court,* JOHNSON, J. It is impossible for the plain-
tiff to maintain this action against the defendant Sylvia Bell,
upon the undisputed facts of the case. She is the wife of

Rose *v.* Bell.

the other defendant, and lives with her husband, upon the premises in question, and has not, and never had, any separate estate. The contract, between her and the plaintiff, which was read in evidence, and by which she agreed to purchase the premises in question, and the plaintiff agreed to sell, and to convey to her, upon the payments being all made, is a mere nullity. It conferred no rights, and imposed no obligations upon either party. It was an attempt to deal with a married woman upon credit, in real estate, in the absence of her husband, and without his knowledge or consent, as is expressly shown by the evidence. The contract does not purport upon its face to have been made on behalf of the husband, by the wife, but entirely in her own separate right, as well as name. Indeed it is expressly alleged in the complaint that the defendants both entered into possession claiming in right of the wife.

All the disabilities of coverture, on the part of a married woman, are still in force, except such as have been removed by the legislature. The legislature have not yet gone quite to the extent of authorizing a married woman, especially if she has no separate estate, to purchase land upon credit. Indeed it is quite apparent that they never contemplated giving a married woman the power to speculate in real estate, upon her own credit, whether she had a separate estate or not. Even if the act of 1860 (*Sess. Laws of* 1860, *ch.* 90) could, as I think it cannot, be construed to confer such authority, this pretended contract was previous to that act, and can derive no aid from it.

It is unnecessary to cite authorities to show that, at common law, such a contract by a *feme covert* was entirely nugatory. The possession was, therefore, in law, the possession of the husband, and in no respect that of the wife. This being so, she was improperly joined in the action, and was, of course, entitled to a nonsuit, or to a verdict in her favor.

The question then arises, whether the action can be maintained against the husband, or must fail altogether. In ac-

Rose *v.* Bell.

tions of this kind where there are several defendants, if the verdict be for the plaintiff it shall be against such of the defendants as were in possession of the premises, or as claimed title thereto at the commencement of the action. (2 *R. S.* 307, § 30.) It appears from the evidence that Philander F. Bell, the husband, was in possession, at the commencement of the action, claiming in his own right.

A nonsuit was claimed on behalf of the husband upon the ground that the complaint alleged that he was in possession claiming in right of his wife, whereas it appeared by the evidence that he was in possession claiming in his own right. This presents a question of mere variance between the pleadings and the evidence. The plaintiff makes out a clear title to the premises, derived from the defendants, and there can be no doubt that the husband was in possession wrongfully at the commencement of the action. This variance is in no respect material in regard to the merits of the action, as far as the husband is concerned, and there is no pretense that he was, or could have been, misled to his prejudice. It was a case, therefore, in which the court might have directed the fact to be found according to the evidence, and ordered an immediate amendment of the complaint, without costs, under § 170 of the code. As a joint verdict however was ordered, which was excepted to, there must, for aught I can see, be a new trial, which is ordered; costs to abide the event.

[Monroe General Term, September 1, 1862. *Johnson, Welles* and *J. C. Smith,* Justices.]